IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 11 MR WCM

| | | |
|---|---|---|
| STEPHEN DOUGLAS PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| CASE FARMS, LLC and GUY PERKINS | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants' Motion to Compel (Doc. 25) and Plaintiff's Motion for Protective Order as to Electronically Stored Information (the "Motion for Protective Order," Doc. 33). Both Motions have been fully briefed, and a hearing on these motions was held on August 31, 2020.[1] The Court ruled on these motions at the conclusion of the hearing. This Order memorializes those rulings.

I. Legal Standard

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This

---

[1] Argument regarding Plaintiff's Motion for Leave to Amend Complaint (the "Motion to Amend," Doc. 29) was also heard during the August 31, 2020 hearing. The Motion to Amend was taken under advisement, and a separate Order will issue.

1

determination is to be made "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Oppenheimer v. Episcopal Communicators, Inc., No. 1:19-CV-00282-MR, 2020 WL 4732238, at *2 (W.D.N.C. Aug. 14, 2020) (quoting Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010)).

A district court has broad discretion in managing discovery, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995), including the "discretion to determine whether discovery is relevant to a party's claim or defense," Serum Source Int'l, Inc. v. GE Healthcare Bio-Sciences Corp., No. 3:16CV471, 2017 WL 915132, at *1 (W.D.N.C. Mar. 8, 2017) (citing Watson v. Lowcountry Red Cross, 974 F.2d 482, 489 (4th Cir. 1992)).

## II. The Discovery Issues in Dispute

Defendants' Motion to Compel sought an Order compelling Plaintiff's full response to certain Interrogatories and Requests for Production. During the hearing, the parties also provided information regarding additional discovery

that has occurred recently, including the taking of Plaintiff's deposition in mid-August and a subsequent document production by Plaintiff.

### A. Plaintiff's Damage Calculations (Interrogatory 3)

> Interrogatory 3: Identify and describe with particularity the amounts and all categories of damages that Parker seeks to recover from either of the Defendants. Your response should include a detailed statement as to how each category of damage was calculated.

From the parties' briefing and argument during the hearing, it appears that while Plaintiff has provided a general description regarding some of his damages and has produced some records that may be useful in damage calculations, he has not provided the specific information requested.

### B. Alleged False Representations by Defendants (Interrogatories 4, 5)

> Interrogatory 4: Identify and describe with particularity each and every materially false representation made by either of the Defendants to Parker as alleged in the Complaint including, without limitation, those allegations in paragraphs 49-50, 83-89, and 101.

> Interrogatory 5: Identify and describe with particularity each and every concealment of a material fact by either of the Defendants from Parker as alleged in the Complaint including, without limitation, those allegations in paragraph 49.

As indicated on the docket, the undersigned has filed a Memorandum and Recommendation (Doc. 27) recommending that Plaintiff's claim for fraud be dismissed. During the hearing, defense counsel argued that though Plaintiff has now submitted additional information regarding the alleged

3

misrepresentations, including an affidavit that has been filed, the information sought by these Interrogatories would be necessary for other purposes besides the pending fraud claim. Counsel for Plaintiff was unable to stipulate that the allegations in the Complaint (Doc. 1), proposed Amended Complaint (Doc. 29-1), Plaintiff's affidavit (Docs. 34-1 & 35), and Plaintiff's deposition testimony encompassed the full set of alleged representations responsive to Interrogatories 4 and 5.

### C. Information regarding Other Farmers and Witnesses (Interrogatories 7, 12)

> <u>Interrogatory 7</u>: Identify all "other area Case grower farmers" that Parker contacted as alleged in paragraph 58 of the Complaint.
>
> <u>Interrogatory 12</u>: Identify the "friends and acquaintances" that contacted Parker as alleged in paragraphs 64 and 104-105 of the Complaint and the "other area farmers" Parker spoke with as alleged in paragraph 68 of the Complaint. For each, provide the statement(s) made by the speaker and the date of the contact.

Defendants advised that the parties have made some headway in resolving the dispute over these discovery requests. In that regard, defense counsel named numerous individuals that have now been identified by Plaintiff in response to these Interrogatories. As with the preceding topic, however, Plaintiff's counsel was unable to confirm that these individuals were all of the persons referenced by the subject Interrogatories.

4

### D. Financial Documents (Requests 6, 7)

> Request for Production 6: All documents and correspondence that relate to any loan or any other source of funding that Parker obtained funds from for the construction of the broiler houses (chicken houses) on Parker's property.
>
> Request for Production 7: All documents and correspondence related to the grant identified in paragraph 42 of the Complaint.

At the hearing, Defendants advised that the dispute over Request for Production 7 has been resolved.

As for Request for Production 6, Plaintiff's counsel advised that Plaintiff has located additional documents responsive to this Request but that further documentation is held by his Bank. Counsel for the financial institution has made contact with counsel for the parties in this case, though it does not appear that any specific requests or subpoenas have been sent to the Bank for its files. Neither party provided authorities that would indicate whether information held by the Bank should or should not be considered as being in Plaintiff's possession, custody, or control for purposes of discovery.

### E. Documents regarding Chicken Care (Request 8)

> Request for Production 8: All documents and correspondence that that relate to the managing, caring for, and raising of the chicks for Case including, without limitation, mortality records from January 1, 2016 to the present.

5

Defense counsel explained that the dispute over this document request pertains to a specific type of records, that being records of chicken mortality that may have been kept by Plaintiff. Defendants contend that Plaintiff has not produced his own chicken mortality records, while Plaintiff insists that all such records have been produced. For reasons that are not apparent, Plaintiff has not attempted to identify the documents out of the small number that he has produced so far (totaling between 300 and 400 pages) that he contends are the documents responsive to this Request.

### F. Documents regarding Chicken Weighing (Request 16)

> Request for Production 16: All documents and correspondence that relate to all "actions that resulted in the inaccurate and deceptive weighing of chickens" that resulted in a financial loss to Parker as alleged in paragraph 62 of the Complaint.

Defendants acknowledge that additional documents that may be responsive to this Request were produced recently by Plaintiff. Plaintiff has no objection to producing information responsive to this Request and states that he has produced all such documents. As with the previous topic, it is not apparent that counsel has communicated specifically to identify the documents that Plaintiff contends have been produced in response to this Request.

## G. Communications with Other Farmers and Witnesses (Requests 12, 17, 22, 24)

> <u>Request for Production 12</u>: All documents and correspondence that relate to any communications with the "other area Case grower farmers" that Parker contacted as alleged in paragraph 58 of the Complaint.
>
> <u>Request for Production 17</u>: All documents and correspondence that relate to any communications from the "friends and acquaintances" that contacted Parker about Case as alleged in paragraphs 64 and 104-105 of the Complaint and the "other area farmers" Parker spoke with as alleged in paragraph 68 of the Complaint.
>
> <u>Request for Production 22</u>: All written or recorded statements from any individual likely to have discoverable information related to the facts, allegations, claims and/or defenses contained in the Complaint, and Counterclaim.
>
> <u>Request for Production 24</u>: All documents related to any communications between Parker and any other person related to Case between January 1, 2016 and the present.

Text messages contained on Plaintiff's cell phone are the focus of the parties' dispute regarding these Requests. Plaintiff's Motion for Protective Order has been filed in response to this portion of Defendants' Motion to Compel and seeks an order "that [Plaintiff] not be obligated to incur any unreasonable method or expense to produce eight years of text messages off of his cell phone, or alternatively, that Defendant bear such cost." Doc. 33, p. 3. That is, Plaintiff did not object to the production of the messages, but

7

contended that Defendants should bear the entire cost of securing that production.

During the hearing, defense counsel asserted that the subject text messages could be downloaded by Plaintiff with the aid of a readily available application costing $44.00. Subsequently, Plaintiff agreed to use that program at his cost to produce the responsive text messages and moved to withdraw his Motion for Protective Order. Plaintiff's oral motion was granted in that regard.

Accordingly, for the reasons stated during the August 31, 2020 hearing and as further discussed herein, Defendants' Motion to Compel (Doc. 25) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. With respect to Interrogatories 3, 4, and 5, the Motion to Compel is **GRANTED** and Plaintiff is **DIRECTED** to submit supplemental responses that respond fully to these Interrogatories.

2. With respect to Interrogatories 7 and 12, the Motion to Compel is **GRANTED** and Plaintiff is **DIRECTED** to submit supplemental responses that respond fully to these Interrogatories and/or to confirm that the individuals identified during the August 31, 2020 hearing are all of the individuals responsive to these requests.

3. With respect to Request for Production 6, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. To the extent Plaintiff personally has additional documents responsive to Request for

Production 6, Plaintiff is **DIRECTED** to produce such documents. To the extent responsive documents are held by Plaintiff's Bank, the Motion to Compel is **DENIED WITHOUT PREJUDICE**.

4. With respect to Request for Production 7, the Motion to Compel is **DENIED AS MOOT**.

5. With respect to Requests for Production 8 and 16, the Motion to Compel is **GRANTED** and Plaintiff is **DIRECTED** either to produce documents responsive to these Requests, or if Plaintiff believes he has already produced all responsive documents in his possession, custody, or control, to confirm specifically by page or document reference the documents on which he relies for such a representation.

6. With respect to Requests for Production 12, 17, 22 and 24, the Motion to Compel is **GRANTED** and Plaintiff is **DIRECTED** to produce responsive text messages.

Plaintiff shall respond to the discovery requests as stated above within fourteen (14) days of this Order.

Plaintiff's oral request is allowed and Plaintiff's Motion for Protective Order as to Electronically Stored Information (Doc. 33) is **WITHDRAWN**.

Defendants' request for fees and costs associated with the Motion to Compel is **DENIED WITHOUT PREJUDICE**. If Plaintiff fails to respond and produce the information and materials as directed herein, Defendants may file a renewed motion seeking all related attorney's fees and costs.

It is so ordered.

Signed: September 1, 2020

W. Carleton Metcalf
United States Magistrate Judge