IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 11 MR WCM

STEPHEN DOUGLAS PARKER, )
)
                  Plaintiff, )
)     ORDER
v. )
)
CASE FARMS, LLC and GUY )
PERKINS )
                  Defendants. )
_____ )

      This matter is before the Court on Defendants' Motion for Attorney's Fees and Other Sanctions (the "Motion," Doc. 45). The Motion has been fully briefed, Docs. 46, 48, & 50, and a hearing was held on November 17, 2020. The Motion was taken under advisement. This Order now follows.

### I.    Relevant Background

      Plaintiff filed his Complaint on January 10, 2020. Doc. 1.

      The record indicates that Defendants served their first written discovery requests on Plaintiff on March 23, 2020. Doc. 25.[1]

      Plaintiff responded on April 23, 2020 and produced certain documents on May 29, 2020. Doc. 25. Plaintiff responded to the document requests pertinent to this Motion ("Document Requests") as follows:

---

[1] As the Pretrial Order and Case Management Plan (Doc. 21) was not entered until April 7, 2020, the parties apparently decided to conduct early voluntary discovery.

1

12. All documents and correspondence that relate to any communications with the "other area Case grower farmers" that Parker contacted as alleged in paragraph 58 of the Complaint.

**RESPONSE: Objection on the basis that such other growers request that their identities remain confidential subject to the entry of a protective order to protect them against retaliation from Case and damage and loss of their existing livelihood.**

17. All documents and correspondence that relate to any communications from the "friends and acquaintances" that contacted Parker about Case as alleged in paragraphs 64 and 104-105 of the Complaint and the "other area farmers" Parker spoke with as alleged in paragraph 68 of the Complaint.

**RESPONSE: Objection on the basis that such other growers request that their identities remain confidential subject to the entry of a protective order to protect them against retaliation from Case and damage and loss of their existing livelihood. Beyond that, most of the communications were made via text message on Plaintiff's phone which can be made available for forensic examination at Defendant's expense.**

22. All written or recorded statements from any individual likely to have discoverable information related to the facts, allegations, claims and/or defenses contained in the Complaint, and Counterclaim.

**RESPONSE: Responsive recordings, if any, will be made available for inspection and copying at a mutually agreeable time and place for such production.**

24. All documents related to any communications between Parker and any other person related to Case between January 1, 2016 and the present.

2

> RESPONSE: Objection on the basis that such other growers request that their identities remain confidential subject to the entry of a protective order to protect them against retaliation from Case and damage and loss of their existing livelihood. Beyond that, most of the communications were made via text message on Plaintiff's phone which can be made available for forensic examination at Defendant's expense.

Counsel then exchanged correspondence regarding the sufficiency of Plaintiff's positions on various items, including the Document Requests. Docs. 25–3, 25–4.

The disputes persisted and therefore, on July 20, 2020, Defendants filed a Motion to Compel seeking, among other things, the production of Plaintiff's text messages responsive to the Document Requests. Plaintiff responded in opposition to the Motion to Compel and also filed a Motion for Protective Order as to Electronically Stored Information (the "Motion for Protective Order," Doc. 33), in which Plaintiff requested that he "not be obligated to incur any unreasonable method or expense to produce eight years of text messages off of his cell phone, or alternatively, that Defendant bear such cost." Doc. 33, p. 3. Significantly, Plaintiff represented that he "has identified text messages on such cell phone as responsive to Defendants' document production requests . . ." Doc. 33, p. 2.

3

On August 31, 2020, the undersigned held a hearing on the Motion to Compel and the Motion for Protective Order. During that hearing, Plaintiff agreed to use a readily available application costing $44.00, which Defendants had identified, to produce responsive text messages. Plaintiff also withdrew his Motion for Protective Order. Accordingly, the undersigned granted Defendants' Motion to Compel as it pertained to the Document Requests and directed Plaintiff to produce responsive text messages contained on Plaintiff's cell phone. See Doc. 38, p. 9.[2] The undersigned denied Defendants' request for fees and costs associated with the Motion to Compel without prejudice to the right to renew such request if Plaintiff failed to respond and produce the information and materials as directed. Doc. 38, p. 10. An Order memorializing these rulings was entered on September 2, 2020 ("September 2 Order," Doc. 38).

On September 15, 2020, Plaintiff produced supplemental responses which stated that, "[u]pon additional examination," Plaintiff had determined that he did not have any documents responsive to Document Requests 12 and 17.

Defendants filed the instant Motion on October 23, 2020, Doc. 45,[3] and argue that Plaintiff's change of position regarding text messages responsive to

---

[2] Overall, the Motion to Compel was granted in part and denied in part.
[3] Defendant Guy Perkins was dismissed by stipulation filed on November 10, 2020. Doc. 49.

4

Document Requests 12 and 17 suggests either that 1) text messages from other area Case farmers or friends/acquaintances never existed, in which case "Plaintiff has led Defendants and the Court on a chase" or 2) relevant text messages do exist but are harmful to Plaintiff's case. Doc. 45 at 6-7. The Motion renews Defendants' previous request for fees and expenses and additionally requests a spoliation instruction.

Plaintiff opposes the Motion on two grounds. First, he contends that Defendant failed to meet and confer properly prior to filing the Motion. Doc. 48, p. 1. Second, Plaintiff contends that he did comply with the September 2 Order.

## II. Discussion

### A. Pre-Filing Conference Between Counsel

Although the parties could have engaged in further discussion regarding this particular dispute prior to the filing of the Motion, Defendant's interest in the production of the subject text messages has been an ongoing issue that was previously considered by the Court in the context of the Motion to Compel and the Motion for Protective Order and the undersigned is not persuaded that the Motion should be denied on that basis.

### B. Request for Sanctions under Rule 37

The Motion seeks sanctions in the form of costs and attorneys' fees as well as a spoliation instruction.

Pursuant to Rule 37(b)(2)(A), a court where an action is pending "may issue further just orders" when a party fails to obey an order to provide or permit discovery. Additionally, Rule 37(b)(2)(C) provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." That is, and important for present purposes, an award of sanctions under Rule 37(b) must be based on a finding that the party at issue has disobeyed a court order.[4]

Under the circumstances presented here, however, the undersigned is not able to make such a finding. Plaintiff explains that following the August 31, 2020 hearing, he used the $44 application and "produced hundreds of responsive text messages to Defendants, labeled as Plaintiff's production 0000174-205, 341-376, and 891." Doc. 48, p. 6. His supplemental responses state that Plaintiff has produced all documents responsive to Document Requests 22 and 24 and, during the November 17, 2020 hearing, Plaintiff's counsel represented unequivocally that Plaintiff has produced all responsive

---

[4] A similar finding would be required before sanctions could be imposed in connection with Defendants' prior Motion to Compel. While Defendants argue that sanctions may be awarded pursuant to Rule 37(a)(5), as stated above the September 2 Order denied Defendants' request for fees and costs associated with the Motion to Compel without prejudice, subject to renewal if Plaintiff failed to respond and produce the information and materials as directed.

6

text messages in his possession, has not withheld any responsive text messages, and has not destroyed any text messages. Defendant has not produced evidence to the contrary, other than the concerns created by Plaintiff's inconsistent positions, which are discussed below. Consequently, Defendant's request for an award of sanctions pursuant to Rule 37(b) must be denied.

Similarly, Defendant also requests, under Rule 37(e), a spoliation instruction "explaining to the jury that evidence in the form of Text Messages exists and that Plaintiff has…failed to produce that evidence, from which the jury may or must assume that the Text Messages are harmful to Plaintiff's case." Doc. 45, p. 7. However, this request too must be denied. In light of Plaintiff's supplemental responses, and the representations by Plaintiff's counsel in open court that all responsive text messages in his possession have been produced and that Plaintiff has not destroyed any text messages, Defendant has not made the necessary showing to justify a spoliation sanction. See e.g., MB Realty Group, Inc. v. The Gaston County Board of Education, No. 3:17-cv-427-FDW-DCK, 2019 WL 2273732, at * 2 (W.D.N.C. May 28, 2019) ("A movant seeking a spoliation sanction pursuant to Rule 37(e) must satisfy the following four requirements: '(1) ESI should have been preserved; (2) ESI was lost; (3) the loss was due to a party's failure to take reasonable steps to preserve the ESI; and (4) the ESI cannot be restored or replaced through additional

7

discovery.'") (quoting Eshelman v. Puma Biotechnology, Inc., No. 7:16-cv-18-D, 2017 WL 2483800, at *4 (E.D.N.C. June 7, 2017)).

### C. Plaintiff's Statements Regarding Text Messages

Notwithstanding the denial of the Motion as discussed above, the undersigned is compelled to address the positions Plaintiff has taken concerning the existence of text messages responsive to Requests 12 and 17.

The record as it has now developed shows that Plaintiff did not undertake a search for text messages responsive to Document Requests 12 and 17 until he was preparing his supplemental responses, following the September 2 Order which granted the Motion to Compel. There is significant dispute between the parties, though, regarding the clarity of Plaintiff's positions leading up to that eventual search of his phone's data and the production of his text messages. Defendant argues that Plaintiff continually represented that messages responsive to Document Requests 12 and 17 did exist, only to change his position in his supplemental responses. As for Plaintiff, during the November 17, 2020 hearing, Plaintiff's counsel argued that Plaintiff's prior statements had been accurate and that Plaintiff had advised Defendant he had *some* text messages on his phone and that he had not actually reviewed those messages to determine if they were responsive to the Document Requests, but if responsive messages were to reside on Plaintiff's

8

phone, he objected to retrieving those messages on the basis that doing so was unduly burdensome for him.

Setting aside the question of whether such a response would have been appropriate under the Federal Rules, the information of record reveals that Plaintiff did not make it clear that he had never actually searched for messages responsive to Document Requests 12 and 17. Rather, Plaintiff's statements suggested that Plaintiff did possess such messages. See Doc. 25-1, pp. 9-12 (objecting to Requests for Production Nos. 12, 17 & 24 "on the basis that such other growers request that their identities remain confidential subject to the entry of a protective order," and asserting that "most of the communications" responsive to Requests for Production Nos. 17 & 24 "were made via text message on Plaintiff's phone which can be made available for forensic examination at Defendant's expense."); Doc. 25-4, pp. 4-5 (July 1, 2020 letter from Plaintiff's counsel stating, with respect to Request for Production No. 12, that "Plaintiff has text messages on his phone with other farmers" and that in response to Request for Production No. 17, Plaintiff's "communications are via text message. None have been deleted."); Doc. 36-4, pp. 1-2 (August 27, 2020 email from Plaintiff's counsel stating that Plaintiff's wife transcribed text messages on Plaintiff's phone, and that Plaintiff intended to "show the jury the actual phone with texts to 2012.").

9

If Plaintiff was going to take the position that he had text messages generally, some of which may have been responsive to Document Requests 12 and 17, but that he was not going to attempt to look for those responsive messages on the basis that doing so would be unduly burdensome—and again notwithstanding whether such a position would have been appropriate under the Rules—he simply should have said so. Then, at least, Defendant would have had more accurate information about Plaintiff's position as it chose whether to pursue compelled production of the messages.

The undersigned has closely considered whether sanctions should be awarded *sua sponte* under these circumstances. However, as the Motion sought relief pursuant to Rule 37(a), (b), and (e), the Court will restrict its ruling to Defendant's arguments under those provisions and will express no opinion as to whether Plaintiff's conduct may have supported sanctions under any other theory or principle of law.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Attorney's Fees and Other Sanctions (Doc. 45) is **DENIED**.

Signed: November 30, 2020

W. Carleton Metcalf
United States Magistrate Judge