IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 11 MR WCM

| | | |
|---|---|---|
| STEPHEN DOUGLAS PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| CASE FARMS, LLC and GUY PERKINS | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Consent Motion to Compel Trial Testimony by Non-Party Witness Jill Mauser (the "Motion to Compel," Doc. 65).

Plaintiff explains that Ms. Mauser is an employee of Carolina Farm Credit ("CFC"), and that Plaintiff seeks to have Ms. Mauser testify at the trial of this case, which is set for the May 10, 2021 trial term. Plaintiff states that he served a subpoena on counsel for CFC requiring Ms. Mauser's appearance at trial, and that CFC has objected to the subpoena "on the basis of applicable federal regulations prohibiting testimony of CFC employees regarding Plaintiff's confidential borrower information without an order signed by a judge." Doc. 65 at 1; see 12 C.F.R. § 618.8330(b) ("If the Government or your bank or association is not a party to litigation, you or your directors, officers,

1

or employees may produce confidential documents or testimony only if a court of competent jurisdiction issues a lawful order signed by a judge.").[1]

Plaintiff consents to CFC's "release of his confidential information to the extent that any testimony of Ms. Mauser may fall within the identified regulation," and represents that Defendant consents to the Motion, and that neither CFC nor Defendant wish to be heard on the Motion. Doc. 65 at 2.

**IT IS THEREFORE ORDERED** that Plaintiff's Consent Motion to Compel Trial Testimony by Non-Party Witness Jill Mauser (Doc. 65) is **GRANTED IN PART** and, pursuant to 12 C.F.R. § 618.8330(b), non-party CFC is hereby authorized to produce confidential information relating to Plaintiff through the testimony of Ms. Mauser, should she testify at trial. This Order, however, expresses no opinion as to whether Ms. Mauser should be allowed to provide testimony at trial in the first instance, as that issue is reserved for the presiding District Judge.

Signed: January 22, 2021

W. Carleton Metcalf
United States Magistrate Judge

---

[1] Plaintiff asserts that on December 1, 2020, the Court "entered an Order authorizing Ms. Mauser's disclosure of Plaintiff's confidential borrower information in connection with her deposition, but that Order was limited to deposition testimony and did not encompass subsequent trial testimony." Doc. 65 at 1 n. 1. The December 1, 2020 Order, however, related to the deposition of Jill Sigmon, who was also represented to be a CFC employee. Doc. 54.